IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BILLY G. ASEMANI, # 339-096 | * |
| Plaintiff | * |
| v | *   Civil Action No. RDB-15-651 |
| WARDEN RICHARD J. GRAHAM, JR. | * |
| Defendant | * |
| | *** |

**MEMORANDUM OPINION**

Pending are self-represented plaintiff Billy G. Asemani's Emergency Motion seeking injunctive relief, the court-ordered Response filed by counsel for the Division of Correction and Asemani's Reply. (ECF 1, 5, 7). The matter is ready for disposition and a hearing is unnecessary. Local Rule 105.6 (D. Md. 2014). For reasons set forth herein, this case will be dismissed as moot.

On March 9, 2015, Asemani, an inmate at Western Correctional Institution, filed this Emergency Petition to enjoin his removal from protective custody. (ECF 1). On March 19, 2015, this Court directed counsel for the Division of Correction to file an expedited response to Asemani's claims that he faced imminent harm if returned to the general prison population. (ECF 3).

The Response and accompanying declaration executed by James Wilson, a Correctional Case Management Supervisor, indicated that on March 13, 2015, Wilson reviewed Asemani's status and determined that he should remain on protective custody. (ECF 5, 5-1). This Court

construed the Response as a Motion for Summary Judgment, and granted Asemani twenty-one days to reply.

On April 20, 2015, Asemani filed a Reply in which he stated "the matter at hand is rendered moot" and Respondent's motion for summary judgment' should be granted. (ECF 7, p. 1).

## DISCUSSION

District courts must dismiss cases and motions as moot when they do not involve a "case or controversy." *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 370 (4th Cir. 2012) ("mootness principles derive from Article III of the Constitution, which mandates that federal courts adjudicate only disputes involving a case or controversy") (citations omitted)). The United States Court of Appeals for the Fourth Circuit has explained that "one such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim." *Friedman, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002).

Under Article III, section 2 of the Constitution, federal courts have jurisdiction to hear and decide "cases" or "controversies." *Allen v. Wright*, 468 U.S. 737, 750 (1984). This case-or-controversy requirement must be met "through all stages of federal jurisdiction proceedings." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990). An actual controversy must exist "at all stages of review, not merely at the time the complaint is filed." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 732 (2008). When "the claimant receives the relief he or she sought to obtain through the claim," the action becomes moot and there is no longer an active case or controversy through which the Court may assert jurisdiction. *Friedman's Inc*., 290 F.3d at 197; *Mobley v. Acme Mkts, Inc*., 473 F.Supp. 851, 858 (D.Md. 1979) ("[M]ootness [is] derived from

the Constitution, specifically Article III, which requires a 'case or controversy' as the fundamental ingredient of subject matter jurisdiction.").

As Asemani remains in protective custody, consistent with the recommendation of his institutional case manager, he has been provided the relief sought in his request for injunctive relief: his continued placement on protective custody. Thus, his request for injunctive relief is moot.[1] Asemani cannot demonstrate that he is likely to suffer irreparable harm nor the other factors necessary for issuance of a temporary restraining order. Accordingly, this matter will be dismissed as moot.

## CONCLUSION

For these reasons, this Court will dismiss this case as moot by separate Order to follow.

June 10, 2015  \_\_\_\_\_/s/_____
Date  RICHARD D. BENNETT
  UNITED STATES DISTRICT JUDGE

---

[1] Further, Asemani has not met his burden to show that he faced immediate and irreparable injury, loss, or damage necessary to warrant issuance of emergency injunctive relief under the standard set forth in *Winter v. Natural Resources Defense Council*, Inc., 555 U.S. 7, 20–23(2008) (the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing" that he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest).